## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ELIZABETH WAGNER, Personal** | ) | |
| **Representative of the Estate of** | ) | |
| **MARK A. WAGNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:10CV3008** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **MR. BULTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the defendant's Motion for Protective Order and Motion to Quash (Filing No. 37).  The defendant filed a brief (Filing No. 38) and an index of evidence (Filing No. 39) in support of the motion.  The plaintiff filed a brief (Filing No. 40) and an index of evidence (Filing No. 41) opposing the motion.

### BACKGROUND

This case arises from a collision causing the death of Mark A. Wagner on December 14, 2009.  Mr. Wagner's vehicle collided with a tractor trailer owned by the defendant.  **See** Filing No. 1 - Complaint ¶ 4.  The driver of the defendant's tractor trailer was acting in the course of his employment with the defendant.  **Id.** ¶ 5.  The plaintiff alleges the collision was caused by the negligence of the defendant's driver.  **Id.** ¶ 6.  The defendant denies liability for Mr. Wagner's death.  **See** Filing No. 7 - Answer.

On September 23, 2010, the plaintiff served a subpoena to produce documents upon Dr. Jerry Sherman, the defendant's economic expert witness.  **See** Filing No. 39 - Ex. 1(B) Subpoena.  Specifically, the subpoena seeks "[t]he last two reports of economic loss prepared for, or on behalf of, anyone making a claim for the wrongful death of an individual as as [sic] result of any type of accident."  **Id.**  The plaintiff gave Mr. Sherman until October 25, 2010, to produce the documents.  **Id.**

Also on September 23, 2010, the defendant received an electronic mail message indicating the plaintiff's intent to have Dr. Sherman served with the subpoena.  **See** Filing

No. 39 - Ex. 1 Engles Aff. ¶ 3; Ex. 1(A) E-mail.  On September 27, 2010, the defendant's counsel contacted the plaintiff's counsel, by electronic mail, regarding the defendant's objections to the subpoena, but counsel were unable to resolve the objections.  **See** Filing No. 39 - Ex. 1 Engles Aff. ¶ 7.

On September 29, 2010, the defendant filed the instant motion for a protective order and to quash the subpoena.  **See** Filing No. 37.  The defendant argues notice was not provided to it in accordance with NECivR. 45.1.  *Id.* ¶ 3.  Further, the defendant contends the documents sought are irrelevant and not discoverable.  *Id.* ¶ 4.  The defendant asserts the plaintiff is entitled only to a listing of the cases for which the expert witness testified, pursuant to Fed. R. Civ. P. 26(a)(2)(B)(v).  *Id.* ¶¶ 5-6; **see** Filing No. 38 - Brief.  Finally, citing to Fed. R. Civ. P. 45(c)(3)(A), the defendant seeks an order quashing the subpoena.  **See** Filing No. 38 - Brief p. 2.

The plaintiff argues the expert reports are relevant to allow the plaintiff an opportunity to

> compare the methodology in Dr. Sherman's most recent reports in which he has represented a claimant or a plaintiff in a wrongful death action with the methodology he used when retained by the Defendant in this case irrespective if those reports were the subject of deposition or trial testimony and included in Dr. Sherman's list of cases.  It is important that the Plaintiff receive the most current reports as the variables in an economic analysis can change with time.  For example, discount rates fluctuate with interest rates and recent reports are needed to determine if Dr. Sherman has used the same methodology irrespective of which party retained him.  There is no other viable way for the Plaintiff to obtain this information.

**See** Filing No. 40 - Response p. 3.  The plaintiff contends the request is narrowly tailored to the two most recent reports of a similar nature to the instant case.  Further, the plaintiff contends that the defendant has failed to provide any evidence of undue burden caused by requiring production of two reports.  *Id.* at 1.  Moreover, the plaintiff asserts that since the plain language of Fed. R. Civ. P. 26 does not preclude production of the reports and the rule's intent is to allow relevant discovery, this court should compel production.  **See**

Filing No. 40 - Response p. 1-2.  The plaintiff suggests the rule provides only the minimum disclosure requirements.  *Id.* at 2.

**ANALYSIS**

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).  To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim or defense.  Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).  "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion."  *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

In this instance, Rule 26 must be read consistently with Rule 45, which provides a mechanism for a subpoenaed person to challenge the requirements of a subpoena.  Fed. R. Civ. P. 45(c).  Specifically,

> On timely motion, the issuing court must quash or modify a subpoena that:
>> (i) fails to allow a reasonable time to comply;
>> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person. . .;
>> (iii) **requires disclosure of privileged or other protected matter, if no exception or waiver applies**; or
>> (iv) subjects a person to **undue burden**.

3

Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).  Similarly, Fed. R. Civ. P. 26(c) authorizes the court, when good cause is shown, to enter an order limiting discovery or imposing just terms on taking discovery to protect a person or party from annoyance, embarrassment, oppression, or undue burden.

Under the federal rules, an expert witness must provide a report containing, among other things, "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition."  Fed. R. Civ. P. 26(a)(2)(B)(v).  Clearly, the rule does not require disclosure of the reports sought by the plaintiff.  Likewise, no other rule precludes the requested disclosure.  Accordingly, the court must rely on the general rules governing discovery, as stated above.  **Compare *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 595-96 (E.D. Tex. 2003)** (holding the plaintiff met relevance burden, but neither the defendant nor the expert made a showing of undue burden or expense), **with *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01Civ.11295, 2003 WL 22227959, at \*2-3 (S.D.N.Y. Sept. 26, 2003)** (denied request for all of expert witness's reports for previous five years as not relevant to stated reasons for the reports), **and *Surles v. Air France*, No. 00CIV5004, 2001 WL 815522, at \*6-7 (S.D.N.Y. July 19, 2001)** (denying disclosure of expert reports in "prior unrelated actions").

As an initial matter, the court concludes no violation of the subpoena notice provisions occurred in this case.  The record reflects the parties were engaged in ongoing discussions about Dr. Sherman's subpoena.  **See, e.g.,** Filing No. 27 - Motion for Protective Order (filed September 3, 2010, and later withdrawn).  Accordingly, the court will address the substance of the parties' arguments.

The defendant's position is that the expert reports, regardless of their subject matter, are not discoverable.  **See** Filing No. 38 - Brief p. 3.  The defendant fails to show any undue burden, expense, or any other bar to discovery of the reports.  No party suggests the reports contain privileged or otherwise protected matter.  In contrast, the plaintiff shows how the content of the reports reasonably bears upon the issues in the case.  However, the parties shall take care to maintain any sensitive or confidential material contained in the reports, by, for example, utilizing redacted copies or restricting access to the reports.  **See** NECivR 5.0.3.  Upon consideration,

4

**IT IS ORDERED:**

The defendant's Motion for Protective Order and Motion to Quash ([Filing No. 37](#)) is denied.

DATED this 16th day of November, 2010.

BY THE COURT:


 s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.